IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE ANGEL POLANCO ROJAS,                )
                                          )
                        Petitioner,       )
                                          )
        v.                                )        Case No. 26-3114-JWL
                                          )
MARKWAYNE MULLIN, DHS Secretary;          )
SAMUEL OLSON, Acting Field Office Director, ICE; )
TODD BLANCHE, Acting Attorney General;    )
CORECIVIC, INC., Operators,               )
        Midwest Regional Reception Center; )
                                          )
                        Respondents.      )
                                          )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he

challenges his detention by immigration officials.  For the reasons set forth below, the

Court **denies** the petition.

On May 1, 2026, petitioner, though counsel, filed the instant petition.  Petitioner, a

native of Nicaragua, claimed that, upon his arrival at the border in 2023, he was paroled in

the United States for humanitarian reasons pursuant to 8 U.S.C. § 1182(d)(5)(A); and that

because of that status, his re-detention by immigration officials in April 2026 without a

pre-arrest hearing or individualized determination violated that statute, associated

regulations, and due process.  The petition was neither verified nor supported by evidence.

In their answer filed June 1, 2026, respondents cited evidence that petitioner was not in

fact paroled into the United States, but rather was released on recognizance, and they argued that petitioner's claims based on a parole must therefore fail.

On the deadline of June 29, 2026, counsel for petitioner filed a reply brief that does not address respondents' argument. Rather, petitioner states that respondents argue that he should be subject to mandatory detention under 8 U.S.C. § 1225(b), and he asserts that should be permitted to seek release on bond under 8 U.S.C. § 1226(a) instead. In fact, respondents made no such argument in this case. Thus it appears that petitioner intended such arguments about the possibility of release on bond to be made in a different case.[1] It is not known whether the Government has relied on Section 1225(b) in petitioner's removal proceedings in immigration court, but petitioner has not asserted any claim in this case that officials have wrongfully detained petitioner under that statute.

At any rate, respondents have shown that the premise of the claims in the petition – petitioner's release on parole under a particular statute – is incorrect, and petitioner has not disputed respondents' evidence on that point. Accordingly, petitioner is not entitled to relief on the claims asserted, and the Court thus denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

[1] In some instances, the reply refers to petitioner by his proper name; in at least one instance, however, the brief refers to petitioner by a different name ("Mr. Singh").

IT IS SO ORDERED.

Dated this 10th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge